UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:21-CR-145 |
| v. | **PLEA AGREEMENT** |
| MICHAEL ALLEN DARROW II, | |
| Defendant. | |

The United States of America (also referred to as "the Government"), Defendant, MICHAEL ALLEN DARROW II, and Defendant's attorney, enter into this Plea Agreement.

**A.  CHARGES**

1.  <u>Subject Offense</u>.  Defendant will plead guilty to Count 1 of the Indictment, that is, conspiracy to possess with intent to distribute and distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(A), and 846.

2.  <u>No Charges to be Dismissed</u>.  There are no charges to be dismissed.

**B.  MAXIMUM PENALTIES**

3.  <u>Maximum Punishment</u>.  Defendant understands that the crime to which Defendant is pleading guilty carries a mandatory minimum sentence of at least ten (10) years in prison and a maximum sentence of life in prison; a maximum fine of $10 million; and a term of supervised release of at least five (5) years up to life. A mandatory special assessment of $100 per count must also be imposed by the Court.

1

Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e) or unless the Court finds that Defendant qualifies for safety valve under 18 U.S.C. § 3553(f). No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

4. Supervised Release--Explained. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than five (5) years in prison on any such revocation, without any credit for time previously served.

5. Detention. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

6. Withdrawal of Section 851 Notice. Defendant expressly acknowledges that, as a material condition of this Plea Agreement, the Government has agreed to withdraw the filing of an enhancement under Title 21, United States Code, Section 851 for one or more prior serious drug felony convictions, to wit, a 2017 conviction in Jasper County for a controlled substance violation, a Class B felony, Iowa Code Section 124.401(1)(b)(7), Case No. FECR020204; and a 2003 conviction in Jasper County for a controlled substance violation, a Class B felony, Iowa Code Section

124.401(1)(b), Case No. FECR009698.

## C. NATURE OF THE OFFENSE – FACTUAL BASIS

7. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Count 1 (Conspiracy to Distribute Methamphetamine)**, the Government would be required to prove beyond a reasonable doubt the following elements:

    (a) Two or more persons reached an agreement or came to an understanding to distribute methamphetamine;

    (b) Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first made or while it was still in effect;

    (c) At the time Defendant joined the agreement or understanding, he knew the purpose of it was to distribute methamphetamine; and

    (d) The agreement or understanding involved 50 grams or more of methamphetamine or 500 grams or more of a mixture and substance containing methamphetamine.

8. <u>Factual Basis</u>. As a factual basis for Defendant's plea of guilty, Defendant admits the following:

    (a) From a date unknown, but by at least January 2020, and continuing until February 2021, Defendant MICHAEL ALLEN DARROW II did knowingly and intentionally conspire to distribute a mixture and substance containing methamphetamine in the Southern District of Iowa and elsewhere.

        (1) Defendant had agreement or understanding with others, including Andrew Overbeck, Ryan Souza, and others.

        (2) Defendant voluntarily joined in the agreement or understanding.

        (3) At the time the Defendant joined the agreement or understanding, he knew the purpose of the agreement or

understanding was to distribute 50 grams or more of methamphetamine, and 500 grams or more of a mixture and substance containing methamphetamine.

(b) Between January 2020 and February 2021, on multiple occasions, Defendant drove from the Southern District of Iowa to Kansas City to obtain distribution quantities of methamphetamine from his source of supply. Defendant transported the methamphetamine to the Southern District of Iowa for distribution. In total, Defendant transported at least 4.5 kilograms (9.93 pounds) of methamphetamine from Kansas City to the Southern District of Iowa for distribution.

(c) Defendant distributed pound-quantities of methamphetamine to Overbeck in the Southern District of Iowa.

(d) As part of the conspiracy, on January 29, 2021, in the Northern District of Iowa, Defendant possessed with intent to distribute 2.023 kilograms (4.47 pounds) of actual methamphetamine in Chevrolet Suburban in Meskwaki Nation.

9. Truthfulness of Factual Basis. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10. Waiver of Rule 410 Rights. Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the

Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

11. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D. SENTENCING**

12. <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

   (a) The nature of the offense to which Defendant is pleading guilty;

   (b) The quantity of drugs involved, with the parties stipulating as a recommendation to the District Court that the conspiracy involved at least 4.5 kilograms of actual methamphetamine, for a base offense level of 38;

   (c) Defendant's role in the offense;

   (d) Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

   (e) The nature and extent of Defendant's criminal history (prior convictions); and

   (f) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's

attorney.

13. <u>Acceptance of Responsibility</u>. The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility. If Defendant qualifies for a decrease under § 3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG § 3E1.1.

14. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

16. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

17. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

18. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant

will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

**E.  FINES, COSTS**

19.  Fines and Costs.  Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

20.  Special Assessment.  Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

**F.  LIMITED SCOPE OF AGREEMENT**

21.  Limited Scope of Agreement.  This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.  Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

22.  Agreement Limited to Southern District of Iowa.  This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

# G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

23. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

    (a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b)    A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

    (c)    The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

    (d)    Confront and cross-examine adverse witnesses;

    (e)    Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

    (f)    Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

    (g)    If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

24. <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s), [to the simultaneous scheduling of Defendant's plea and sentencing, the pre-plea disclosure of the PSR], or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is

9

authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

25. <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

 (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

 (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

 (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

 (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

26. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

 (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

 (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the

attorney has given.

(c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

27. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

28. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

29. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J. SIGNATURES

30. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and

other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

10-21-22
Date

*Michael Darrow II*
MICHAEL ALLEN DARROW II

31. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

October 21, 2022
Date

Alfredo G. Parrish

Attorney for MICHAEL ALLEN DARROW II

Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, L.L.P.
2910 Grand Avenue
Des Moines, IA 50312

515-284-5737  
Fax: 515-284-1704  
Email: aparrish@parrishlaw.com

32. <u>United States</u>. The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal  
United States Attorney

10/24/2022

By: _____

Date

Amy Jennings  
Assistant U.S. Attorney  
U.S. Courthouse Annex, Suite 286  
110 East Court Avenue  
Des Moines, Iowa 50309  
Telephone: 515-473-9300  
Telefax: 515-473-9292  
E-mail: amy.jennings2@usdoj.gov