IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | 4:21-CR-00145 |
| v. | ) ) | |
| MICHAEL ALLEN DARROW II, | ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) ) | |

**TABLE OF CONTENTS**

I. Background & Sentencing Issues ........................................................................... 1

II. Appropriate Sentence .............................................................................................. 2

V. Conclusion ................................................................................................................ 5

### I.     Background & Sentencing Issues

By an indictment returned in November 2021, Defendant was charged with one count of conspiracy to distribute a controlled substance, in violation of Title 21 United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. (Dkt. 2.) Specifically, Defendant was charged with conspiring with others, to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely: 50 grams or more of methamphetamine and 500 grams of or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. (*Id.*)

In October 2022, Defendant, pursuant to a plea agreement, pleaded guilty to Count One. (Dkt. 42.) Sentencing is scheduled for March 28, 2023. The issue before

the Court is determination of a sentence that is sufficient but not greater than necessary.[1] There is no forfeiture or restitution. There are no counts to dismiss at sentencing.

## II. Appropriate Sentence

The Guideline calculations are as follows:

| | |
|---|---|
| Base Offense Level: | 38 |
| Acceptance of Responsibility: | -3 |
| Total Offense Level: | 35 |

Criminal History Category: VI

Guideline Range: 292 to 365 months'
Mandatory Minimum Sentence: 120 months'

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence to imposed -
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;

---

[1] Defendant objects to the inclusion of paragraphs 69 thru 74, which discuss charges that were dismissed. (Dkt. 47.) For the reasons set forth in the United States Probation Officer's addendum to the PSR, the government respectfully requests that the Court overrule the objection and that paragraphs 69 thru 74 remain in the PSR. (Dkt. 52 at 37-38.) In any event, the government does not rely on the challenged paragraphs in its sentencing recommendation.

>    5.     any pertinent policy statement;
>    6.     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    7.     the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

A sentence at the bottom of the guideline range—292 months—is sufficient but not greater than necessary based on the Section 3553(a) sentencing factors. The nature and circumstance of this offense are serious. Defendant conspired to distribute large quantities of methamphetamine for a significant time period—more than one year. Defendant's drug trafficking activities involved interstate travel, as Defendant repeatedly traveled to Kansas City to obtain significant quantities of methamphetamine—totaling approximately 75 pounds—for transport to Iowa. (PSR para. 14.) Law enforcement made two significant seizures of methamphetamine that had been possessed by Darrow—385 gams of methamphetamine mixture in October 2020 and 2,152 grams of actual methamphetamine in 2021. (*Id. at* paras. 23-24.) Based on the significant time frame, interstate travel, and large quantities of methamphetamine, the nature and circumstances of this offense are serious.

As to Defendant's request for a downward variance because purity is not an accurate proxy for culpability, the government respectfully requests the Court deny the request. The unobjected to facts in the PSR demonstrate Defendant trafficked large quantities of methamphetamine into Iowa over a sustained time period. Defendant's culpability is not overstated by a base offense level of 38 (based on purity) as opposed to a 36 (based on mixture).

A sentence at the bottom of the guideline range is sufficient but not greater than necessary based on Defendant's criminal history, the need to impose just punishment, and the need to protect the public from further crimes by Defendant. As noted by the PSR, Defendant is a career offender based on three qualifying drug convictions. (PSR at paras. 38, 53, 54, 55.) He has a total of 20 criminal history points, seven more than that which is necessary to be categorized as Category VI. (*Id.* at 67.) As part of the plea agreement, the government withheld two Section 851 notices, which otherwise would have increased the mandatory minimum sentence to 180 months' imprisonment. (Dkt. 2, 42.) By the government's count, the instant conviction represents Defendant's fifth felony drug conviction. (PSR at paras. 53, 54, 55, 60.) Defendant was convicted the instant offense while on parole for a state felony drug conviction. (*Id.* at 60.) Defendant also has several convictions for assaultive behavior (*id.* at paras. 56, 61) as well as a 2021 conviction for willful injury resulting in serious injury (*id.* at 62.) Defendant's criminal record indicates he is a recidivist, he has a history of assaultive behavior, and that a sentence at the bottom of the ranges is sufficient but not greater than necessary in this case.

### III. Conclusion

For the reasons discussed above, the government respectfully requests the Court impose a sentence at the bottom of the guideline range, 292 months'.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/Amy Jennings*
Amy Jennings
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Amy.Jennings2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail  _____ Fax  _____Hand Delivery

  X    ECF/Electronic filing  ____Other means

UNITED STATES ATTORNEY
By:  */s/  ALJ, AUSA*